UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-07935-SVW-E | Date | June 1, 2015 |
|---|---|---|---|
| Title | Dominguez et al. v. Crown Equipment Corporation et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** IN CHAMBERS ORDER Re Plaintiff's Motion to Amend and Remand [28], Defendant Crown's Motion to Strike the Crossclaim [50], and Crossclaimant DBI's Motion to Amend its Answer [53]

**I. Introduction**

This products liability action arose when plaintiff Gabriel Dominguez ("Dominguez") fell 35 feet from the top of a shelving unit on which he was working and sustained permanent brain injuries. The accident occurred on April 11, 2012. Due to his injuries, he has been unable to communicate since the date of the accident.

On April 4, 2014, plaintiffs Dominguez and Silvia Cuevas ("Cuevas")—Dominguez's wife—filed suit against defendants Crown Equipment Corporation ("Crown"); DB Industries, LLC ("DBI"); and Does 1-60. Of note, though Plaintiffs were represented by counsel, the complaint was filed on a pre-made form with boxes to check off and small sections in which to add a narrative. In their complaint, Plaintiffs asserted claims for strict liability, negligence, and breach of warranty. (Compl. at 5.) They asserted that Dominguez's injuries were caused by the "truck lift," retractable safety line, and safety belt. (*Id.*)

On October 14, 2014, Defendants removed the action to this Court. (Dkt. 1.) On March 26, 2015, Plaintiffs moved to amend the complaint and to remand. (Dkt. 28.) On March 30, 2015, Crown moved for summary judgment. (Dkt. 29.) On April 13, 2015, this Court stayed Crown's motion for summary judgment and expert disclosures, took under submission Plaintiffs' motion to amend and remand, and set a schedule for Crown's motion to strike the crossclaim. (Dkt. 48.)

Presently before the Court are: (1) Plaintiffs' motion to amend and remand; (2) defendant Crown's motion to strike the crossclaim, (dkt. 50); (3) and crossclaimant DBI's motion to amend its answer to assert the crossclaim against Crown, (dkt. 53). For the reasons discussed below, the Court:

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-07935-SVW-E | Date | June 1, 2015 |
|---|---|---|---|
| Title | Dominguez et al. v. Crown Equipment Corporation et al. | | |

(1) GRANTS IN PART Plaintiff's motion to amend and remand; (2) DENIES Crown's motion to strike the crossclaim; and (3) GRANTS DBI's motion to amend its answer to assert the crossclaim against Crown.

## II.     Legal Standard

Federal Rule of Civil Procedure 15(a) requires courts to freely grant leave to amend pleadings "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In deciding whether to grant leave to amend, courts consider the following factors articulated by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Id.* at 182; *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  While the permissive standard set forth in Federal Rule of Civil Procedure 15(a) usually governs a motion to amend, a motion to approve the post-removal joinder of a nondiverse defendant is governed by § 1447(e).  *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002).  Section 1447(e) commits the decision of whether to allow joinder to the Court's discretion.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir.1998).  Section 1447(e) does not set forth standards guiding the exercise of this discretion.  Instead, courts within the Ninth Circuit have considered a broad range of factors, including: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.  *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000).

Rule 15(c)(1)(B) allows an amendment to relate back to the original complaint if the amendment asserts a claim arising out of the "conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  Additionally, an amendment that changes the party or party's name relates back when "Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-07935-SVW-E | Date | June 1, 2015 |
|---|---|---|---|
| Title | Dominguez et al. v. Crown Equipment Corporation et al. | | |

amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Moreover, when the relevant limitations period derives from state law, Rule 15(c)(1)(A) requires the Court to examine both federal and state law and to apply the more permissive of the two relation back standards. *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1200–01 (9th Cir. 2014). The Ninth Circuit has held that an amendment to add the true identity of a "Doe" defendant does not relate back to the original complaint when the original complaint's description of the Doe defendant was "insufficient to identify anyone." *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983).

### III. Application

#### A. Plaintiff's Motion to Amend and Remand

Plaintiffs seek leave to amend the complaint by: (1) adding Cuevas as Dominguez's guardian ad litem; (2) adding several diverse defendants who designed, manufactured, or sold components of the allegedly defective safety equipment; (3) by adding claims against Crown pertaining to the allegedly defective shelving unit/rack; and (4) by joining nondiverse defendants which allegedly "designed, manufactured, fabricated, assembled, tested, marketed, installed, maintained, repaired, and/or sold" the purportedly defective shelving unit/rack, (Proposed First Amended Complaint ("FAC") ¶ 16). Of note, Plaintiffs do not assert any claim against Dominguez's employer. Also of note, Dominguez's employer has moved to a new warehouse facility. Thus the facility where Dominguez's accident occurred is apparently no longer in existence (at least not in the condition in which it existed at the time of the accident).

This Court previously granted Plaintiffs leave to add Cuevas as guardian ad litem. Additionally, Crown[1] does not object to adding the diverse defendants who were involved in making and selling the allegedly defective safety equipment. Instead, Crown objects to the assertion of a new shelving unit/rack claim against Crown and to the addition of the nondiverse defendants.

Plaintiffs claim that they did not discover the shelving unit/rack defect until February 20, 2015—when Dominguez's coworker informed them in deposition that a piece of plywood seen in photographs of the accident site wasn't added until after the accident. The coworker told Plaintiffs' counsel that this plywood blocks a roughly 40-foot hole through which Dominguez fell. Crown asserts that Plaintiffs were on notice about the factual basis for the shelving unit/rack claim as of December

---

[1] Defendant DBI opposes the joinder of any defendants, but does not expressly object to the addition of the new shelving rack/unit claim against existing Defendants.

|  | : |  |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-07935-SVW-E | Date | June 1, 2015 |
|---|---|---|---|
| Title | Dominguez et al. v. Crown Equipment Corporation et al. | | |

2014, and thus unreasonably delayed bringing this claim because they did not move to amend until March 2015. According to Crown, not only was the relevant factual information contained in the OSHA report produced at the end of October 2014, Plaintiffs' counsel interviewed Dominguez's coworker in December 2014 (before the coworker's deposition) and then learned of the relevant facts. Both sides also accuse each other of improperly withholding relevant information or evidence during discovery.

Given that Dominguez hasn't been able to communicate since the accident, and when Plaintiffs saw the shelving unit the hole was blocked with plywood, it is reasonable that they did not know of the existence of the shelving unit/rack claim. Moreover, a four month delay between the earliest alleged date on which Plaintiff's should have known of the claim and the date of filing for leave to amend is not particularly long or unreasonable.

The most pressing issues raised by Plaintiffs' motion concern the statute of limitations and relation back. In California, there is a two year statute of limitations for personal injury actions. The time for Dominguez to file a claim arising from his April 11, 2012 accident thus expired in April 2014—roughly one week after Dominguez filed his complaint in state court. Therefore, the new claims that Plaintiffs seek to assert in their amended complaint are time-barred unless they relate back to Plaintiffs' original complaint.

Given the close factual relationship between the shelving unit/rack claim and safety equipment claim, the amendment asserting the shelving unit/rack claim against the existing defendants relate back to the original complaint; these claims arise from the same conduct, transaction, or occurrence. Fed. R. Civ. P. 15(c)(1)(B). Moreover, any prejudice to Crown can be solved upon Crown's request by extending the time for discovery and (if necessary) continuing the trial date.

Plaintiffs assert that the claims against the nondiverse defendants relate back because Plaintiffs originally named those defendants as Does in the original complaint. California law generally does not allow relation back of an amendment adding a party not named in the original complaint. *Butler*, 766 F.3d at 1201. However, "where an amendment does not add a new defendant, but simply corrects a misnomer by which an old defendant was sued, case law recognizes an exception to the general rule of no relation back." *Spitzer v. Aljoe*, No. 13-CV-05442-MEJ, 2015 WL 1843787, at *11 (N.D. Cal. Apr. 6, 2015) (quoting *Hawkins v. Pac. Coast Bldg. Prods., Inc.*, 124 Cal.App. 4th 1497, 1503 (2004)) (internal quotation marks omitted). Thus, California Civil Procedure Code § 474 allows "plaintiffs to substitute a fictional 'Doe' defendant in a lawsuit with a named defendant, so long as the plaintiff was unaware of the defendant's true identity at the time the prior complaint was filed." *Spitzer*, 2015 WL 1843787, at *11. However, the plaintiff must "be 'genuinely ignorant' of the defendant's identity at the time the original complaint is filed." *Butler*, 766 F.3d at 1202 (quoting *Woo v. Superior Court*, 75 Cal. App. 4th 169, 177 (Cal. Ct. App. 1999)). The § 474 relation-back doctrine applies even if the plaintiff's

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-07935-SVW-E | Date | June 1, 2015 |
|---|---|---|---|
| Title | Dominguez et al. v. Crown Equipment Corporation et al. | | |

ignorance was the result of her own negligence. *Spitzer*, 2015 WL 1843787, at *11 (citing *Woo*, 75 Cal. App. 4th at 177).

While the original complaint names Does 1–60, it does not describe any of the Doe defendants as being a designer, manufacturer, or installer of the shelving unit/rack. Thus, the Complaint fails to adequately identify the nondiverse defendants which Plaintiffs seek to join. Therefore, Plaintiffs have not shown that this amendment simply seeks to correct a misnomer. Thus, amendment would not be allowed under California law.

The Federal Rules of Civil Procedure are similarly unavailing to Plaintiffs. Under Rule 15(c)(1)(C), Plaintiffs must show that the defendants sought to be named either received notice of the action within the time for service of the complaint and summons or that they knew or should have known that the action would have been brought against them but for a mistake concerning the proper party's identity. Plaintiffs do not assert that the nondiverse proposed defendants received notice within the time for serving the complaint. Also, there is nothing about allegedly defective safety equipment that would alert them to a defect in their shelving unit/rack. Additionally, though the original complaint describes Dominguez's injuries as being caused by a fall, it does not allege any facts pertaining to a hole or other defect in the shelving unit/rack. In fact, the use of safety equipment suggests that Dominguez already knew of the risk of falling and also that any such risk created by the shelving unit/rack was not due to a defect (because the risk could be allayed by properly functioning safety equipment). Moreover, there is nothing in the original complaint which would have put the nondiverse defendants on notice that they should have been named in the suit but for a mistake *concerning the proper party's identity*. Plaintiffs' original complaint did not assert any claim based on the shelving rack/unit. It thus appears that Plaintiffs chose not to sue the nondiverse defendants for their involvement with the shelving rack/unit's design and manufacture; it does not appear that this failure was due to a mistake about the proper party's identity. *See Butler*, 766 F.3d at 1203.

The parties make several other arguments regarding the propriety of amendment. Plaintiffs argue that under California Code of Civil Procedure § 1431.2, liability for non-economic damages is several. Thus, the failure to include the nondiverse defendants might prejudice Plaintiffs by preventing them from obtaining a full recovery. However, any resulting inequity is diminished by the fact that Plaintiffs inexplicably delayed filing this action until just before the limitations period ran. Moreover, given that Plaintiffs knew Dominguez's injuries were caused by a fall, they likely could have anticipated a claim against the shelving unit/rack's manufacturer or installer relating to some form of gap or hole (even if they didn't know the precise details). Additionally, in their motion to amend and remand,

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-07935-SVW-E | Date | June 1, 2015 |
|---|---|---|---|
| Title | Dominguez et al. v. Crown Equipment Corporation et al. | | |

Plaintiffs admit that the nondiverse defendants[2] were named on publicly recorded permit documents. (Pl.'s Mem. P. & A. 9.) Plaintiffs fail to explain why they apparently did not review those documents until March 2015.

Finally, Crown argues that any claim that the shelving unit/rack was negligently designed is time-barred by California Code of Civil Prodecure § 337.1. Section 337.1 is a statute of repose which requires that a suit for a patent deficiency in the design or construction of an improvement to real property be filed within four years after "substantial completion" of the improvement. Cal. Code Civ. Proc. § 337.1. As discussed in more detail below, whether § 337.1 applies is a fact-intensive inquiry more appropriately addressed upon a motion for summary judgment.

In sum, the fact that Plaintiffs' claim against the nondiverse defendants would be time-barred if it does not relate back militates in favor of allowing amendment. The same is true of the possibility that Plaintiffs will not be able to recover their full noneconomic damages unless the nondiverse defendants are joined. However, it appears that the claim against the nondiverse defendants would not be allowed under California law and does not actually relate back to the original complaint within the meaning of Rule 15(c)(1)(C).

For the aforementioned reasons, the Court DENIES Plaintiffs' motion to amend as to the nondiverse defendants and DENIES the motion to remand. The Court GRANTS the motion to the extent that it seeks to assert a new claim—the shelving rack/unit claim against the existing defendants in the action. The Court also GRANTS the motion to amend as to the diverse defendants. Crown does not oppose these diverse defendants' joinder and any prejudice to DBI can be cured upon DBI's request through additional time for discovery. Moreover, the Court notes that these diverse defendants were allegedly involved in the design, manufacture, or sale of the safety equipment; as such they were arguably named as Doe defendants in the original complaint. (Compl. at 4.)

    **B.**    **Crown's Motion to Strike and DBI's Motion to Amend its Answer**

Crown's primary argument in favor of striking DBI's crossclaim is its assertion that this claim is futile because it is barred by California Code of Civil Prodecure § 337.1. According to Crown, permit documents indicate that final approval of the completed shelving rack/unit occurred on April 25, 1995. Moreover, the alleged defect—a roughly 40 square foot hole—is a patent defect. *See Mattingly v. Anthony Indus., Inc.*, 109 Cal. App. 3d 506, 511(Cal. Ct. App. 1980) (stating that if the absence of a fence around a swimming pool was a deficiency then it was a patent defect). Thus, if § 337.1 applies to

---

[2]The named entities are Tingey, Crown, and Lodi. However, because Lodi was then still in existence, Lodi's successor entities and shareholders were not named.

    :    

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-07935-SVW-E | Date | June 1, 2015 |
|---|---|---|---|
| Title | Dominguez et al. v. Crown Equipment Corporation et al. | | |

Crown then Plaintiffs' shelving rack/unit claim must have been filed by April 25, 1999—long before this action was filed.

However, § 337.1 cannot be invoked by a mere manufacturer of a product which happens to become part of an improvement to real property. *Nichols v. Swimquip*, 171 Cal. App. 3d 216, 221-22 (Cal. Ct. App. 1985); *see also Baker v. Walker & Walker, Inc.*, 133 Cal. App. 3d 746, 756-57 (Cal. Ct. App. 1982) (Section 337.1 "limits the action to persons 'performing or furnishing the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to real property. This language does not include the manufacturing or supplying of products which are installed in the improvement"); *Sevilla v. Stearns-Roger, Inc.*, 101 Cal. App. 3d 608, 611 (Cal. Ct. App. 1980) (holding that the manufacturer of a large "pan" installed in a sugar refinery could not invoke § 337.1 because the "pan" had not been transformed from a "product" to an "improvement of real property").

In its crossclaim, DBI asserts that Crown "designed, manufactured, sold, approved, and directed the installation of certain warehouse shelving units and racks" in Dominguez's former employer's warehouse. (Cross-Complaint ¶ 7.) The cross-complaint says nothing about the size of the shelves, how they were installed in the warehouse, whether they were custom made for that warehouse, or other details which would indicate whether the shelves were mere products—like the large "pan" in the sugar refinery in *Sevilla*, 101 Cal. App. 3d at 611—or improvements to real property. It is thus not clear whether Crown is an improver of real property entitled to take advantage of § 337.1.

The parties rely heavily on various documents and evidence submitted alongside Plaintiff's motion to amend and remand. The evidence indicates that the shelving system at issue was specially designed for the warehouse in which it was installed. It also indicates that this shelving system was subsequently transported and installed in a different warehouse location. It is not clear precisely what was involved in the transport process, whether the process was destructive to the original warehouse, or whether the shelves required substantial modification before being installed in the new location. In sum, resolving whether Crown may invoke § 337.1 is a fact-intensive inquiry which should upon a developed record. The Court should therefore DECLINE to find as a matter of law that DBI's cross-claim is barred by § 337.1. Instead this should be addressed upon a motion for summary judgment.

Thus, Crown fails to show that allowing DBI to amend its answer to assert the cross-claim would be futile. Additionally, any prejudice to Crown by allowing DBI to assert its cross-claim can be cured upon request by extending the deadline for discovery and (if necessary) continuing the trial date. Moreover, DBI's delay in asserting its cross-claim is reasonable given that Plaintiff's did not assert the shelving unit/rack claim until recently and that the parties didn't learn of the underlying facts until shortly before the cross-claim was filed.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-07935-SVW-E | Date | June 1, 2015 |
|---|---|---|---|
| Title | Dominguez et al. v. Crown Equipment Corporation et al. | | |

For the aforementioned reasons, the Court DENIES Crown's motion to strike the crossclaim and GRANTS DBI's motion for leave to amend.

**IV.    Conclusion**

For the aforementioned reasons, the Court:

1. DENIES Plaintiffs' request to join the nondiverse defendants;

2. DENIES Plaintiffs' motion to remand;

3. GRANTS Plaintiffs' request to join the diverse defendants;

4. GRANT Plaintiffs' request to amend their complaint to assert the shelving rack/unit claim as to existing Defendants;

5. GRANTS DBI's motion for leave to amend its answer; and

6. DENIES Crown's motion to strike the cross-claim.

Because Plaintiffs' motion to amend and remand has been resolved, the Court hereby LIFTS the stay on expert disclosures. Additionally, in light of Plaintiffs' amended complaint, the Court DENIES AS MOOT Defendants' motion for summary judgment. (Dkt. 29.)

:

Initials of Preparer          PMC